Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff S. S.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| S. S., <br><br> Plaintiff, <br><br> v. <br><br> Dezarae Collins, <br><br> Defendant. | **COMPLAINT** <br><br> Case Action No. 2:23-cv-892 |

Plaintiff S. S. ("Plaintiff" or "S. S."), by his attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for his Complaint hereby alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff and defendant Dezarae Collins ("Defendant" or "Collins") engaged in a brief intimate relationship. During this time, Plaintiff shared with Collins several intimate images and videos. Defendant assured Plaintiff the images would remain private and expressly agreed not to share them with anyone without Plaintiff's consent.

2.  After the parties broke up, Collins began weaponizing the images and videos, using them as a tool to harass Plaintiff, sharing them with his parents, coworkers, friends, and girlfriend.

3.  Plaintiff filed several police reports against Collins, whose conduct continued even after being made aware of her illegal conduct.

1

4. Since October 1, 2022, Collins has shared Plaintiff's intimate images and videos at least 77 times without his consent.

5. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against the Collins for violations of federal privacy laws, 15 U.S.C. § 6851, [c]ivil action relating to disclosure of intimate images, and the related New York Jersey nonconsensual pornography statutes.

## THE PARTIES

6. Plaintiff S. S. is a resident of the County of Camden, State of New Jersey.

7. Defendant Collins is a resident of the County of Marion, State of Oregon, with an address at 1940 Church Street N.E., Salem, OR 97301.

8. During all subject times relevant to this complaint, Defendant is the owner, operator, and person who utilized the following telephone numbers:

   a. (332) 263-7137
   b. (412) 547-6865
   c. (445) 202-3183
   d. (445) 202-3216
   e. (516) 878-3799
   f. (551) 337-6861
   g. (562) 966-9949
   h. (605) 989-6774
   i. (606) 252-3995
   j. (609) 403-9172
   k. (623) 279-0566
   l. (704) 386-3174
   m. (732) 712-6853
   n. (732) 819-5224
   o. (732) 874-8842
   p. (732) 956-2811
   q. (808) 378-0318
   r. (808) 480-2448
   s. (808) 774-5850
   t. (848) 600-1054

    u. (858) 325-1296
    v. (908) 867-1772

9. Defendant Collins transacted business in the State of New Jersey, was aware that her actions would directly affect a New Jersey resident, and is the subject of this court's long arm jurisdiction statute.

## JURISDICTION AND VENUE

10. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) based upon Diversity of Citizenship because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of New Jersey and citizens or subjects of a different state.

11. This action is also brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

12. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the District Court of New Jersey as this is the Judicial District in which a substantial part of the events forming the basis of the Complaint occurred, where a substantial part of the evidence involved in the subject action is situated, and where the majority of the witnesses to the events forming the basis of the Complaint reside. Furthermore, Defendant meets the requisite minimum contacts for jurisdiction in this District.

## FACTUAL ALLEGATIONS

13. Plaintiff first met Defendant on or about 2015 when Plaintiff was a corporal in the United States Marine Corp. The parties engaged in a short-term, long-distance relationship, during which time Plaintiff sent Collins several videos and images of his naked body.

14. Unable to handle the fact Plaintiff no longer wished to date Collins, beginning in 2016, Defendant embarked on a years-long course of harassment.

15. Defendant's conduct included, but was not limited to, continuously calling Plaintiff's place of work, emailing and contacting his current girlfriend on her cell phone and place at her of business, and texting his family members from anonymous numbers.

16. Because of Defendant's conduct, Plaintiff has lost multiple jobs and needed to change his telephone number over 100 times in the past seven years.

17. Defendant also called Plaintiff's family members upwards of 250 times daily for weeks on end, causing severe strain in his relationship with them.

18. However, beginning in October 2022, Defendant raised her level of harassment by sending intimate images and videos of Plaintiff to his family members, his girlfriend's family members, and his girlfriend. In total, between December 28, 2022, and January 13, 2023, Defendant disseminated two videos and twelve intimate images over 77 times through anonymous text messages.

19. Defendant did not confirm her conduct to direct communication. On January 1, 2023, Defendant published an intimate image of Plaintiff on Craigslist and wrote "Innocent horny man needing company. Last 2 marriages failed. Need somebody to release stress and have fun with. Will send pics and videos. Let me know what you need[.]"

20. On January 3, 2023, Plaintiff filed a New Jersey Domestic Violence action against Plaintiff. On February 9, 2023, after a hearing, the court issued a Final Restraining Order prohibiting Collins from having any communications with Plaintiff, his mother, sister, and girlfriend. The Final Restraining Order also prohibits Collins from harassing, threatening, and stalking the same individuals.

**The Intimate Images and Videos**

21. The first intimate image Defendant shared is a selfie of Plaintiff in a mirror with his penis exposed. Plaintiff is topless and wearing jeans. Over the image, Defendant wrote Plaintiff's telephone number and social security number. Defendant also inserted the words "LOST HAVE YOU SEEN ME? RAPIST PEDOPHILE NARCISSIST" ("Image 1").

22. Defendant shared this Image 1 thirty-four (34) times between January 1, 2023 and January 7, 2023. The image was distributed by Defendant to Plaintiff's brother, sister, girlfriend, and mother.

23. Defendant also uploaded Image 1 on Craigslist.

24. The second image shared by Defendant was of Plaintiff lying in bed with his face and penis showing (Image 2). Since December 2022, Image 2 was shared by Defendant five times, sent this time to Plaintiff's bother, girlfriend, girlfriend's mother and girlfriend's cousin.

25. Image 3 is a selfie of Plaintiff taken in a mirror with his penis exposed. Since December 28, 2022, Defendant shared Image 3 four times with Plaintiff's sister, girlfriend, and Plaintiff's girlfriend's cousin.

26. The next intimate image distributed by Defendant was of Plaintiff's penis post-ejaculation (Image 4). Image 4 was shared on December 30, 2022 with Plaintiff's girlfriend.

27. That same day, Defendant shared Image 5 with Plaintiff's girlfriend. Image 5 shows Plaintiff in bed with his penis exposed.

28. On January 1, 2023 and January 2, 2023, Defendant distributed to Plaintiff's girlfriend an image of Plaintiff's penis and testicles (Image 6).

29. The next intimate image distributed by Defendant is of Plaintiff naked in the shower with his penis exposed (Image 7). Defendant disseminated Image 7 on January 1, 2023 with Plaintiff's girlfriend.

30. Another intimate image distributed by Defendant shows Plaintiff naked in a mirror holding his penis (Image 8). Image 8 was shared one time by Defendant.

31. Image 9 is of Plaintiff in bed holding his penis and Image 10 depicts the same act but taken at a different time. Defendant disseminated Image 9 once on January 1, 2023, and she distributed Image 10 twice.

32. Defendant shared an image of Plaintiff with his penis exposed (Image 11) twice on January 2, 2023.

33. The final intimate image disseminated by Defendant shows Plaintiff's penis next to a bottle of shaving cream (Image 12). Image 12 was distributed one time on January 13, 2023.

34. Defendant also shared three intimate videos of Plaintiff.

35. Video 1 is a 21-second video of Plaintiff engaged in a sexual act. The video shows Plaintiff's exposed genital and face. Defendant disseminated Video 1 twenty (20) times between December 28, 2022, and January 7, 2023. Defendant disclosed Video 1 to Plaintiff's brother, sister, mother, girlfriend, girlfriend's mother, girlfriend's father, girlfriend's cousin, and Plaintiff's father.

36. The second video distributed by Defendant is a 23-second video of Plaintiff masturbating (Video 2). Defendant sent the video to Plaintiff's sister and girlfriend.

37. The final video disclosed by Defendant is a 17-second video of Plaintiff masturbating in the shower. The video was sent to Plaintiff's girlfriend.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851)

38. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

39. Defendant disclosed Plaintiff's intimate images through text messages using her cell phone/computer

40. Defendant did not obtain Plaintiff's consent to disclose the images to his family members.

41. Defendant knew that Plaintiff did not consent to the disclosure of the images online.

42. As a result of Defendant's conduct, Plaintiff has been damaged.

43. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just

## SECOND CAUSE OF ACTION
### (Violation of N.J.S.A. 2A:58D-1)

44. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

45. New Jersey Statute 2A:58D-1 states:

> a. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), photographs, films, videotapes, records, or otherwise reproduces in any manner, the image of another person who is engaged in an act of sexual

penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court.

b. An actor who, in violation of section 1 of P.L.2003, c. 206 (C.2C:14-9), discloses any photograph, film, videotape, recording or any other reproduction of the image of another person who is engaged in an act of sexual penetration or sexual contact, the exposed intimate parts of another person, or the undergarment-clad intimate parts of another person shall be liable to that person, who may bring a civil action in the Superior Court. For purposes of this section: (1) "disclose" means sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, publish, distribute, circulate, disseminate, present, exhibit, advertise, offer, share, or make available via the Internet or by any other means, whether for pecuniary gain or not; and (2) "intimate parts" has the meaning ascribed to it in N.J.S.2C:14-1.

c. The court may award:
(1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
(2) punitive damages upon proof of willful or reckless disregard of the law;
(3) reasonable attorney's fees and other litigation costs reasonably incurred; and
(4) such other preliminary and equitable relief as the court determines to be appropriate.

A conviction of a violation of section 1 of P.L.2003, c. 206 (C.2C:14-9) shall not be a prerequisite for a civil action brought pursuant to this section.

46. All of Defendant's photographs and videos mentioned above depict Plaintiff performing a sexual act and show Plaintiff's intimate parts.

47. Defendant then distributed the pictures on the internet and to Plaintiff's family members and friends.

48. Defendant has violated New Jersey Statute 2A:58D-1.

49. As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceeds the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive

damages, attorney's fees, costs of this litigation and such other relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. An award of damages against Defendant in an amount to be determined at trial, but not less than $150,000.00 per an intimate image and video shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

B. An injunction and order permanently restraining Defendant from disseminating Plaintiff's intimate images and videos without her permission or consent;

C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

E. An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 16, 2023

Respectfully submitted,

**Daniel Szalkiewicz & Associates, P.C.**

_/s/ Daniel Szalkiewicz_
By:   Daniel S. Szalkiewicz, Esq.
       Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
Telephone: (212) 706-1007
Facsimile: (646) 849-0033
daniel@lawdss.com

*Attorneys for Plaintiff*