**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| S.S.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEZARAE COLLINS,<br><br>　　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 23-00892-KMW-AMD<br><br>**MEMORANDUM OPINION AND ORDER** |

**WILLIAMS, District Judge:**

　　This matter having come before the Court on a response filed by Plaintiff's counsel to the Notice of Call for Dismissal issued pursuant to Local Civil Rule 41.1(a); and the Court having read the submission of Plaintiff's counsel; and for the reasons that follow, Plaintiff shall have sixty (60) days from the date of this Memorandum Opinion and Order to effectuate service upon Defendant as dictated by the Rules.

1. On February 16, 2023, Plaintiff S.S. ("Plaintiff") filed the instant action alleging violations of 15 U.S.C. § 6851, relating to the disclosure of intimate images, and N.J.S.A. 2A:58D-1, a New Jersey statute relating to the invasion of privacy.

2. The Clerk issued a summons for the effectuation of service on February 17, 2023 [ECF No. 4]. A Notice of Call for Dismissal (the "Notice") pursuant to Local Civil Rule 41.1(a) was entered on July 10, 2023 [ECF No. 7], to which Plaintiff's counsel responded on July 18, 2023 with a Declaration in Response to Notice of Call for Dismissal (the "Declaration") [ECF No. 8].

3. The Declaration sets forth Plaintiff's counsel's attempt to serve Defendant. First, Plaintiff's counsel sent a copy of the Notice of a Lawsuit and Request to Waive Service of a Summons, two copies of the Waiver of the Service of Summons, and a copy of the summons, complaint, and civil cover sheet (the "Service Package") to the address 1940 Church St Ne, Salem, OR 97301. The Service Package was returned to counsel who then learned Defendant did not reside at 1940 Church St. Counsel then learned of the correct address. On March 30, 2023, counsel sent the Service Package to 1930 Church St Ne, Salem, OR 97301. Counsel did not receive a response to the Service Package. On June 26, 2023, counsel hired a process server to personally serve Defendant. To date, the process server has not been able to serve Defendant.

4. "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). An extension of time to serve, however, may be permitted under certain circumstances. "The determination whether to extend time [under Rule 4(m) of the Federal Rules of Civil Procedure] involves a two-step inquiry." *Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997); *see also Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). First, "if the plaintiff shows good cause for the failure" to serve within the time limit, a court is required to extend the time for service "for an appropriate period." Fed. R. Civ. P. 4(m).[1] Even if good cause is not shown, a court may nonetheless use its discretion to allow an extension of time for service and may consider 1) actual notice

---

[1] In determining whether there is good cause for the extension of time for service, district courts consider: "(1) [the] reasonableness of plaintiff's efforts to serve[,] (2) prejudice to the defendant by lack of timely service[,] and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995).

of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether plaintiff is represented by counsel, and 6) any other factor that may be relevant when deciding whether to grant an extension or dismiss a complaint. *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

5. Here, the Court finds that Plaintiff has not demonstrated good cause for the failure to serve Defendant sufficient to warrant the mandatory extension of time to serve the complaint and summons contemplated by Federal Rule of Civil Procedure 4(m). While the factors do not weigh in favor of finding good cause to extend the time to serve process, the Court will nonetheless use its discretion to order an extension in light of the nature and seriousness of the allegations in the Complaint.

IT IS this 24th day of July, 2023, hereby

**ORDERED** that Plaintiff shall have sixty (60) days from the date of this Memorandum Opinion and Order to effectuate service upon Defendant as dictated by the Rules; and it is further

**ORDERED** that if Plaintiff fails to properly serve Defendant, and file proof of such service, within the timeframe set forth above, this action will be dismissed against Defendant.

KAREN M. WILLIAMS
United States District Judge