[D.I. 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| S.S., <br><br> Plaintiff, <br><br> v. <br><br> DEZARAE COLLINS, <br><br> Defendant. | Civil No. 23-892 (KMW/AMD) |

**ORDER**

      This matter comes before the Court by way of motion [D.I. 9] of Plaintiff, S.S., seeking permission to serve Defendant, Dezarae Collins, by way of alternative service of process. Plaintiff filed a certification [D.I. 11] indicating that he attempted to serve the motion on Defendant via certified mail.[1] No opposition to the motion has been filed. The Court has considered Plaintiff's submission and decides this matter pursuant to Federal Rule of Civil Procedure 78(b). For the reasons that follow and for good cause shown, Plaintiff's motion is denied without prejudice.

      The background of this case is set forth in this Court's Order dated June 22, 2023. Plaintiff alleges in this action that

---

[1] Plaintiff has not indicated whether the certified mail has since been returned to sender.

Defendant violated 15 U.S.C. § 6851, which provides a federal civil cause of action for individuals whose intimate visual images are disclosed without their consent in interstate commerce, and N.J. STAT. ANN. § 2A:58D-1, and he seeks relief in the form of monetary damages and a permanent injunction. (Order [D.I. 6], June 22, 2023, p. 3.) By Order dated June 22, 2023, this Court permitted Plaintiff to proceed pseudonymously. (*Id.* at p. 5.)

Plaintiff now seeks leave to effect service of process on Defendant by electronic means because Plaintiff represents that he has been unable to serve Defendant in person. In support of the motion, Plaintiff represents that he located an address in Salem, Oregon that is believed to be Defendant's home address, as purportedly demonstrated by voting records obtained from the Oregon Secretary of State. (*See* Mot. for Alternative Service on Def. (hereinafter, "Pl.'s Mot.") [D.I. 9-1], p. 2, ¶¶ 5-6.) However, Plaintiff states that a process server was unable to serve process at that address on two occasions, as the process server reported there is a "No Trespassing" sign on the property. (*Id.* at p. 2, ¶ 8.) On a third attempt at service by the process server, an individual other than Defendant was present at the property, but that individual purportedly escorted the process server back to her car and threatened to harm the process server if she returned to the premises. (*Id.* at pp. 2-3, ¶ 9.) Plaintiff represents that the process serving company thereafter advised

2

Plaintiff's counsel that the process server would not return to the property. (*Id.* at p. 3, ¶ 10.) Plaintiff's counsel states that "[g]iven the hostility with which the process server was met attempting to serve Defendant, we are reluctant to send another process server due to concerns for their safety." (*Id.* at p. 3, ¶ 14.) Plaintiff's counsel represents that he has also attempted to mail a copy of the summons and complaint to Defendant, but the mail was returned to sender. (*Id.* at p. 3, ¶ 11.) Further, Plaintiff's counsel represents that Defendant has "a history of avoiding service and has actively attempted to avoid service of previous family offense matters." (*Id.* at p. 3, ¶ 12.) Plaintiff now seeks permission to serve Defendant (1) via an email sent to an email address which Plaintiff believes belongs to and is used exclusively by Defendant; (2) via text message sent to a cell phone number which Plaintiff represents belongs to Defendant and which Defendant provided to police earlier this year; and (3) via text message sent to twenty-two cell phone numbers that Defendant has purportedly used in the past year. (*Id.* at pp. 5-6, ¶ 21.)

Federal Rule of Civil Procedure 4(e)(1) provides, in relevant part, that an individual may be served with process "in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or "delivering a copy of the summons and of

3

the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" FED. R. CIV. P. 4(e)(1)-(2). As noted above, Plaintiff has been unable to deliver a copy of the summons and complaint to Defendant personally or by leaving a copy of the summons and complaint with a suitable individual at Defendant's home. Thus, pursuant to Federal Rule of Civil Procedure 4(e)(1), the Court looks to state law to determine other appropriate methods of service.

Plaintiff cites Oregon state rules regarding service of process, as Oregon is the state where service upon Defendant is to be made. Oregon Rule of Civil Procedure 7D provides:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. Summons may be served in a manner specified in this rule or by any other rule or statute on the defendant or upon an agent authorized by appointment or law to accept service of summons for the defendant.

OR. R. CIV. P. 7D(1). When the defendant is an individual, Rule 7D of the Oregon Rules of Civil Procedure specifies that service may be made "by personal delivery of true copies of the summons and the complaint to the defendant or other person authorized by appointment or law to receive service of summons on behalf of the defendant, by substituted service, or by office service." OR. R. CIV. P. 7D(3)(a)(i). "Substituted service" is defined by the rule

4

as "delivering true copies of the summons and the complaint at the dwelling house or usual place of abode of the person to be served to any person 14 years of age or older residing in the dwelling house or usual place of abode of the person to be served." OR. R. CIV. P. 7D(2)(b). "Office service" may be accomplished "[i]f the person to be served maintains an office for the conduct of business" by "leaving true copies of the summons and the complaint at that office during normal working hours with the person who is apparently in charge." OR. R. CIV. P. 7D(2)(c). The rule further provides that "[s]ervice may also be made upon an individual defendant or other person authorized to receive service . . . by a mailing made in accordance with paragraph D(2)(d) of this rule provided the defendant or other person authorized to receive service signs a receipt for the certified, registered, or express mailing, in which case service shall be complete on the date on which the defendant signs a receipt for the mailing." OR. R. CIV. P. 7D(3)(a)(i).

In addition to the above-specified methods for service of process, Oregon Rule of Civil Procedure 7D provides that a party can seek a court order for service by an alternative method. Specifically, Rule 7D(6) states that such motion must be "supported by affidavit or declaration" and "may be filed to request a discretionary court order to allow alternative service by any method or combination of methods that, under the circumstances, is

5

most reasonably calculated to apprise the defendant of the existence and pendency of the action." OR. R. CIV. P. 7D(6). Plaintiff here requests alternative service by electronic form, the protocol for which is set forth in Oregon Rule of Civil Procedure 7D(6)(b). Rule 7D(6)(b) states, in particular, that a motion for electronic alternative service must include an "affidavit or declaration" that includes "verification that diligent inquiry revealed that the defendant's residence address, mailing address, and place of employment are unlikely to accomplish service; the reason that plaintiff believes the defendant has recently sent and received transmissions from the specific e-mail address or telephone or facsimile number, or maintains an active social media account on the specific platform the plaintiff asks to use; and facts that indicate the intended recipient is likely to personally receive the electronic transmission." *Id.*

The Court recognizes that Plaintiff has had difficulty effecting personal service of process on Defendant at Defendant's home address. However, Plaintiff has not sufficiently demonstrated that service by electronic means is appropriate at this time. Despite Plaintiff's contention that he has "gone to great lengths to have Defendant served" (Pl.'s Mot. at p. 2, ¶ 7), the present application demonstrates only that Plaintiff attempted to mail the summons and complaint, which was returned to sender, and also attempted personal service at Defendant's residence on three dates

6

– July 15, 2023, July 17, 2023, and July 20, 2023. Oregon Rule of Civil Procedure 7D(6)(b) requires Plaintiff, as the party seeking electronic service, to demonstrate that it is unlikely that Defendant can be served at her address, mailing address, or place of employment. The present submission does not address whether Defendant has a place of employment and why service is unlikely to be accomplished there. In addition, Plaintiff's motion is procedurally deficient insofar as it does not contain a declaration or affidavit as expressly required by Oregon Rule of Civil Procedure 7D.[2] Consequently, the Court will deny Plaintiff's motion for alternative service without prejudice. Plaintiff may file a renewed motion addressing any additional efforts to effect service of process or why such service is unavailable.

Finally, the Court notes that the District Court, by Memorandum Opinion and Order dated July 24, 2023, granted Plaintiff an additional sixty days to effectuate service upon Defendant. (Mem. Op. and Order [D.I. 10], July 24, 2023, p. 3.) In the Memorandum Opinion and Order, the District Court noted that Plaintiff failed to demonstrate good cause for the failure to serve Defendant within the time frame permitted under Federal Rule of Civil Procedure 4(m) but nonetheless exercised its discretion to

---

[2] Although filed on the docket as a "declaration," Plaintiff's submission does not contain a statement indicating that the submission is made under penalty of perjury. *See* 28 U.S.C. § 1746.

7

grant Plaintiff an extension of time to serve process. (*Id.*) That extended period has now expired. In light of the Court's directive herein that Plaintiff must attempt service of process at Defendant's place of employment or demonstrate that such service is unavailable before seeking a court order authorizing electronic service, this Court shall also exercise its discretion and grant Plaintiff an additional sixty days to effect service of process on Defendant. However, no further extensions will be granted absent formal motion setting forth good cause in accordance with Federal Rule of Civil Procedure 4(m).

CONSEQUENTLY, for the reasons set forth above and for good cause shown:

IT IS on this **10th** day of **October 2023,**

**ORDERED** that Plaintiff's motion [D.I. 9] for alternative service shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the time for Plaintiff to complete service of process pursuant to Federal Rule of Civil Procedure 4 is extended to sixty days from the date of this Order.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Karen M. Williams

8