**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S.S., <br><br> Plaintiff, <br><br> v. <br><br> Dezarae Collins, <br><br> Defendant. | Case No. 2:23-cv-892 <br><br> **Declaration of Daniel S. Szalkiewicz, Esq**. |

DANIEL S. SZALKIEWICZ declares as follows:

1. I am a partner at the law firm of Daniel Szalkiewicz & Associates, P.C., attorneys for the Plaintiff in the above-captioned action. I submit this declaration in support of Plaintiff's motion for a default judgment.

2. I have personal knowledge of every statement made in this declaration based on my discussions with plaintiff and review of the documents and files pertaining to this matter and affirm such statements are true and correct.

3. I make and submit this declaration in connection with Plaintiff's Motion for Default Judgment against Dezarae Collins ("Defendant").

4. Upon information and belief, Defendant is not an infant, in the military or incompetent person.

5. Plaintiff respectfully submits that the entry of default judgment against Defendant and for this matter to be set down for a trial on damages.

      **I.**      **NATURE OF CLAIMS**

6. This action is related to Defendant's tortious dissemination of intimate images and videos of Plaintiff without his permission or consent.

7. Plaintiff and Defendant were engaged in a short-term relationship while Plaintiff was a corporal in the United States Marine Corp (DE 1 ¶13).

8. During this time, Plaintiff sent Defendant several videos and images of his naked body (Id.). After breaking up, Defendant became increasingly jealous and engaged in a years-long course of harassment that included contacting his current girlfriend on her cell phone and place at her of business, and texting his family members from anonymous numbers (DE 1 ¶¶14-15).

9. Beginning in October 2022, Defendant raised her level of harassment by sending intimate images and videos of Plaintiff to his family members, his girlfriend's family members, and his girlfriend.  In total, between December 28, 2022, and January 13, 2023, Defendant disseminated two videos and twelve intimate images over 77 times through anonymous text messages (DE 1 ¶17).

10. Because of Defendant's conduct, on January 3, 2023, Plaintiff filed a New Jersey Domestic Violence action against Defendant.  On February 9, 2023, after a hearing, the court issued a Final Restraining Order prohibiting Defendant from having any communications with Plaintiff, his mother, sister, and girlfriend.  The Final Restraining Order also prohibits Collins from harassing, threatening, and stalking the same individuals (DE 1 ¶20).

11. In total, Defendant disseminated 12 intimate images and two intimate videos of Plaintiff without his permission and consent (S.S. Certification).

12. Plaintiff's complaint contains two causes of action.  Count One is brought pursuant to 15 USC § 6851 for violations of the unlawful disclosure of intimate images statute.

13.  Count Two is for violation of New Jersey's nonconsensual pornography statute.

## II.     BASIS FOR ENTERING A DEFAULT JUDGMENT

14.     Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following the entry of default by the court clerk under Rule 55(a).

15.     On November 15, 2023, Defendant was personally served with a copy of the summons and complaint (DE 13).

16.     On December 15, 2023, a Clerk's Certificate of Default was entered.

17.     To date, Defendant has neither filed an answer with the Court, responded to the Complaint or otherwise formally appeared in this Action.  More so, Defendant has never contacted my office at any time to request an extension of time to appear.

18.     As aforementioned, Plaintiff has complied with Federal Rule of Civil Procedure 55(a).

19.     Therefore, Plaintiff respectfully request that the Court enter default judgment against Defendant.

## III.     DESCRIPTION OF DAMAGES

20.     Plaintiff requests, at a minimum, $150,000.00 in damages pursuant to 15 U.S.C. § 6851.

21.     On March 15, 2022, as part of the Violence Against Women Act Reauthorization Act of 2022, Congress enacted 15 U.S.C. § 6851, a federal law that establishes a federal civil cause of action for individuals whose intimate visual images are disclosed in or affecting interstate or foreign commerce without their consent. Under the law, a victim of nonconsensual pornography may recover "actual damages sustained by the individual or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other

litigation costs reasonably incurred" 15 U.S.C. § 6851(b)(3)(A)(i).  Plaintiff has actual damages in emotional distress because of Defendant's conduct.  Plaintiff will prove his damages at an inquest.

### A. As and for Attorney Fees

22.     Both 15 U.S.C. § 6851 and N.J.S.A. 2A:58D-1 allow for an award of attorney fees.  Plaintiff requests at a minimum $13,000.00 in attorney fees.  Plaintiff also requests the costs and expenses of this action.

23.     No part of the judgment sought has been paid, other than as indicated in the motion.

24.     It is respectfully requested that a default judgment be entered against the defendant and this matter be set down for a trial on damages only.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  New York, New York
        December 29, 2023

                                        /s/Daniel Szalkiewicz, Esq.
                                        Daniel S. Szalkiewicz

4