UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| S.S.,<br><br>        Plaintiff,<br><br>  v.<br><br>Dezarae Collins,<br><br>        Defendant. | Case No. 2:23-cv-892 |

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO ENTER A DEFAULT JUDGMENT,
AND SET THIS MATTER DOWN FOR AN INQUEST

 

Daniel Szalkiewicz, Esq.
Daniel Szalkiewicz & Associates, PC
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for Plaintiff*

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT & FACTUAL BACKGROUND .................................................. 4

ARGUMENT A DEFAULT JUDGMENT SHOULD BE ENTERED .......................................... 5

    A.   Proof of Service ................................................................................................................ 5

    B.   Plaintiff has Properly Plead Several Causes of Action ........................................................ 6

    C.   The Default Judgment Factors Weigh in Favor of the Judgment ....................................... 7

## **TABLE OF AUTHORITIES**

**Cases**
Leang v Jersey City Bd. of Educ., 198 NJ 557, 587, 969 A2d 1097, 1114 [2009] ........................ 7

Morganroth & Morganroth v Norris, McLaughlin & Marcus, P.C., 331 F3d 406, 415 [3d Cir 2003] ................................................................................................................................... 8

Teamsters Health & Welfare Fund of Phila. & Vic. v Dubin Paper Co., 2012 US Dist LEXIS 102652, at *9 [DNJ July 24, 2012, No. 11-7137 (JBS)(KMW)] ................................................ 9

Wilton Reassurance Life Co. of NY v Engelhardt, 2023 US Dist LEXIS 131827, at *5 [DNJ July 31, 2023, Civil Action No. 21-9968] ................................................................................ 6, 9

**Statutes**
Fed. R. Civ. PP. 55(b)(2) ............................................................................................................... 6

Plaintiff S.S. ("Plaintiff"), by his attorneys, Daniel Szalkiewicz & Associates, P.C., respectfully submits this Memorandum of Law in support of Plaintiff's Motion to enter a default judgment against defendant Dezarae Collins ("Defendant" or "Collins") and set this matter down for an inquest pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure ("FRCP").

## PRELIMINARY STATEMENT & FACTUAL BACKGROUND

S.S. and Collins were once engaged in a short-term, long-distance relationship. Unfortunately for Plaintiff, upon his ending of the relationship, Defendant began engaging in a relentless course of harassing conduct designed to punish S.S. Defendant's harassment, which began in 2016, has included, at a minimum:

- Calling Plaintiff's family members upwards of 250 times daily for weeks on end and texting them from anonymous numbers (Complaint, ¶¶15, 17);
- Continuously calling plaintiff's place of work (Complaint, ¶15);
- Emailing and contacting Plaintiff's girlfriend on her cellphone and place of business (Complaint, ¶15);
- Sending intimate images and videos of Plaintiff to his family members, his girlfriend's family members, and his girlfriend, sending, in total, two videos and twelve intimate images over 77 times over the course of approximately two weeks using anonymous numbers (Complaint, ¶18); and
- Posting Plaintiff's intimate image on Craigslist soliciting a sexual relationship and sharing his social security number and phone number. The post also calls Plaintiff a "RAPIST PEDOPHILE NARCISSIST" (Complaint, ¶¶21, 23).

Paragraphs 21 through 37 of the Complaint detail how many times Defendant sent each image and/or video and to whom she sent it. Defendant's actions have had a devastating impact on Plaintiff's life, causing him to lose multiple jobs, forcing him to change his phone number more than 100 times over the course of seven years, and straining his relationship with his family.

4

## PROCEDURAL BACKGROUND

The procedural background is contained within the annexed Declaration of Daniel S. Szalkiewicz and fully incorporated herein.

## ARGUMENT

## A DEFAULT JUDGMENT SHOULD BE ENTERED

Fed. R. Civ. PP. 55(b)(2) "empowers the Court . . . to enter a default judgment against a defendant that has failed to plead or otherwise defend against a claim for affirmative relief." Prior to entering a default, the Court must determine (1) whether the party seeking default judgment produced sufficient proof of valid service and evidence of jurisdiction, and (2) whether the unchallenged facts present a sufficient cause of action" (Wilton Reassurance Life Co. of NY v Engelhardt, 2023 US Dist LEXIS 131827, at *5 [DNJ July 31, 2023, Civil Action No. 21-9968]).  Additionally, "in determining whether default judgment is proper, the Court weighs three factors: (1) prejudice to the party seeking default judgment if default is denied; (2) whether the party subject to default appears to have a meritorious defense; and (3) the culpability of the party subject to default" (Id.).

It is respectfully requested that a default judgment is warranted in the instant action.

A. **Proof of Service**

While Defendant was exceptionally difficult to serve, the Marion County Sheriff's Office was finally able to serve her at the Marion County Jail, where she was being held for an unrelated matter.  Since then, neither Defendant nor an attorney acting on her behalf have contacted or office or uploaded anything on the docket contesting service or the jurisdiction of this court.

5

### B. Evidence of Jurisdiction

Jurisdiction in the federal court is appropriate based on diversity jurisdiction because the amount in controversy in this case exceeds $75,000 and there is a complete diversity of citizenship as Plaintiff lives in New Jersey and Defendant in the State of Oregon. Additionally, jurisdiction in the United States District Court District of New Jersey is appropriate because of Defendant's contacts with New Jersey, specifically because she persistently directed her activities at New Jersey residents, including Plaintiff, his employers, his family, and his girlfriend. Defendant also uploaded the Craigslist post, which showed Plaintiff's genitals, on the South Jersey section of Craigslist. Plaintiff has further received at least one image of his genitals in the mail which Defendant sent to him in New Jersey through USPS. Defendant has also made contact with numerous police officers in New Jersey attempting to obtain Plaintiff's new address.

### C. Plaintiff has Properly Pleaded Several Causes of Action

Plaintiff's Complaint properly pleads two causes of action for the nonconsensual dissemination of his intimate content under state and federal law.

Plaintiff has a cause of action pursuant to 15 U.S.C. §6851 because he is:

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure…

Similarly, Plaintiff has a cause of action pursuant to N.J.S.A. 2A:58D-1 because Defendant disclosed photographs and recordings of Plaintiff's exposed intimate parts.

As detailed in the attached declaration of S.S., he never gave her permission to share his intimate images, an act that she performed multiple times.

### D.  The Default Judgment Factors Weigh in Favor of the Judgment

Defendant seems content to simply ignore and/or avoid this matter in perpetuity. Plaintiff is prejudiced by the continued delay in Defendant filing an answer. More so, Defendant does not have a meritorious defense. "A meritorious defense is one which 'if established at trial, would completely bar a plaintiff's recovery.'" (Teamsters Health & Welfare Fund of Phila. & Vic. v Dubin Paper Co., 2012 US Dist LEXIS 102652, at *9 [DNJ July 24, 2012, No. 11-7137 (JBS)(KMW)]). There is no evidence Defendant has presented in discovery, or could ever set forth at trial, that would show Plaintiff gave Defendant his consent to harass him and send his naked photographs to his family and friends. A defendant is presumed culpable where they have failed to answer, move, or otherwise respond" (Wilton Reassurance Life Co. of N.Y., supra).

As such a default judgment should be entered against Collins and the matter should be set down for an inquest on damages.

### CONCLUSION

Whereas, a default should be entered, and this matter set down for an inquest on damages, together with such further and other relief this court deems just and proper.

Dated:      December 29, 2023
            New York, New York

                                         *Daniel S. Szalkiewicz, Esq.*
                                         Daniel S. Szalkiewicz, Esq.