Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for the Plaintiff S.S.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S. S.,<br><br>   Plaintiff,<br><br>  v.<br><br>Dezarae Collins,<br><br>   Defendant. | **MEMORANDUM OF LAW IN SUPPORD OF DAMAGES**<br><br>Case No. 2:23-cv-892 |

### I. Preliminary Statement

As the hearing will demonstrate, Plaintiff S.S. ("S.S." or "Plaintiff") is the victim of a years-long harassment campaign undertaken by his ex-girlfriend. More specifically, since approximately 2016, Defendant Deza'Rae Collins ("Collins" or "Defendant") has been routinely sending Plaintiff's intimate images and videos to numerous third parties known by Plaintiff, including his now-wife, her parents, his parents and siblings, his friends, and individuals with whom Plaintiff works or worked. On top of that, Defendant posted Plaintiff's intimate image on Craigslist soliciting women alongside his social security and phone numbers.

In addition to disseminating Plaintiff's intimate content, Defendant further and on a regular basis bombards Plaintiff with so many messages that his phone is rendered useless. Plaintiff has missed countless messages and calls from friends and family because his phone was off, on silent, or being essentially disabled by Defendant's communications. Plaintiff's attempts to block Defendant have been outmaneuvered by Defendant who simply uses burner phone apps to contact him from different numbers and/or e-mail addresses. Defendant's persistence in contacting Plaintiff – even though he has changed his number no fewer than 100 times – has forced Plaintiff and multiple members of his family to file numerous police reports in a desperate attempt to curb Defendant's conduct. Soon thereafter, Defendant additionally set her sights on the police department, calling them at all hours of the day and night attempting to gain access to Plaintiff's new contact information.

Plaintiff's life has been inalterably impacted by Defendant's harassment.  He has received multiple diagnoses, including one for Post Traumatic Stress Disorder.  Defendant's actions have caused Plaintiff to retreat from society, created friction between Plaintiff and his loved ones, and jeopardized his continued employment.  Plaintiff and his family are desperate to be free of Defendant's harassment but have been unable to convince Defendant to stop her conduct.

## II.     Causes of Action Subject to the Hearing

The Court deferred judgment on damages until the hearing is held relating to the relief sought under 15 U.S.C. § 6851 and N.J.S.A. 2A:58D-1.  The damages available under 15 U.S.C. § 6851 are:

1) the actual damages sustained by the individual or liquidated damages in the amount of $150,000
2) the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred; and
3) any other relief available at law
(15 USCS § 6851).

Pursuant to N.J.S.A. 2A:58D-1, the court may award:

(1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
(2) punitive damages upon proof of willful or reckless disregard of the law;
(3) reasonable attorney's fees and other litigation costs reasonably incurred; and
(4) such other preliminary and equitable relief as the court determines to be appropriate.

Plaintiff requests actual damages, punitive damages, and reasonable attorney fees and the costs of litigation.

## III.    Recent Verdicts

Plaintiff's counsel's most recently resolved nonconsensual pornography case resulted in a **thirty-million-dollar verdict**.  In Cooper v. Broems, (153384/2018) a New York County jury awarded plaintiff $5,000,000 in past pain and suffering; $5,000,000 in future pain and suffering; $5,000,000 in punitive damages for defendant's violation of New York City's law against nonconsensual pornography; and $15,000,000 in punitive damages for defendant's intentional infliction of emotional distress upon Plaintiff (Exhibit 1).  Like in this case, the defendant in Cooper had, after a bad breakup, distributed multiple intimate images and videos of plaintiff online along with identifying information about her.  Similarly, as here, Broems had continued engaging in a harassing course of conduct even after plaintiff had made numerous police reports relating to his past bad acts, demonstrating a complete disregard for the criminal justice system.

In M.H. v. E.T., (161144/2020) a New York County Supreme Court judge awarded another nonconsensual pornography victim **$1,240,087.97**, representing $350,000 in compensatory

damages for emotional distress, $646.05 in compensatory damages for past medical expenses; $110,000 in future medical expenses; $750,000 in punitive damages; and the remaining $29,441.92 for attorney and expert fees (Exhibit 2, Exhibit 3). In M.H., the defendant shared plaintiff's intimate content with one person but primarily sent the content to plaintiff herself in order to belittle her and taunt her with the threat of further dissemination. The defendant in M.H. declined to participate in the legal proceedings, forcing the matter to proceed to inquest.

In October 2021 a federal court in Maryland awarded a nonconsensual pornography victim **$1,378,145.50**, representing $71,485 in compensatory damages for her past and future medical expenses; $750,000 in compensatory damages for her emotional distress; $500,000 in punitive damages for defendant's conduct; $48,297 in attorney's fees; and $8,363.50 in expenses (Exhibit 4). The defendant in Wellein, like here, disseminated plaintiff's intimate images online and, after a certain point, declined to participate in legal proceedings.

In A.S. v. Tate, on January 31, 2024, a New Jersey court awarded a victim of sexual based image abuse **$4,928,559.91** in damages for sharing three images of the plaintiff online (Exhibit 5).

In J.M. v. Rozanov 2, on April 19, 2024, the Bronx County Supreme Court awarded Plaintiff **$3,000,000.00** for the dissemination of Plaintiff's images on the internet. (J.M. v Rozanov, ___Misc 3d___, 2024 NY Slip Op 24132, *3 [2024]) (Exhibit 6).

In J.M. v. Rozanov 1, on January 25, 2023, a New Jersey court awarded J.M. **$622,671.24** for the publication of an intimate video of her on internet (Exhibit 7).

In the matter of Facey v. Thompson, Supreme Court, Nassau County, Index No. 604703/2021, on April 13, 2024, the plaintiff's attorney filed a list of nonconsensual pornography related verdicts which is attached to this memo (Exhibit 8). In that matter, on April 24, 2024, the plaintiff was awarded **$2,025,000.00** after a trial on damages (Exhibit 9).

## IV.     Damages Requested

### i.     Past and Future Medical Expenses

Plaintiff is currently receiving psychotherapy with Judyann McCarthy and has been diagnosed with 309.81 Posttraumatic Stress Disorder, F43.21 Adjustment Disorder with Depressed Mood and F41.8 Generalized Anxiety Disorder due to his traumatic experiences while being abused, harassed, and stalked by Defendant.

Plaintiff meets with his counselor at a minimum of once a month for $150.00 per a season.

### ii.    Compensatory Damages

Defendant's actions have interfered with Plaintiff's ability to enjoy life. Defendant's behavior completely changed Plaintiff's relationship with the world. Plaintiff has begun exhibiting anti-social tendencies even among family members due to Defendant's constant and ongoing harassment and abuse. When in public, Plaintiff further experiences exaggerated startle responses due to Defendant's conduct. He struggles with nightmares which hinder his ability to

sleep. Plaintiff will testify that he has missed out on professional and personal opportunities as a result of Defendant's harassment. Defendant's acts have forever shaped his relationship with his loved ones as well as strangers. Plaintiff will never know how many people have viewed him in an intimate position either because of Defendant's online postings or because Defendant herself has sent his intimate content to them. Because of this, and for all the reasons Plaintiff described during the inquest, Plaintiff is requesting $1,000,000 for past pain and suffering and $2,000,000 for past pain and suffering in compensatory damages.

      iii.      **Punitive Damages**

While Defendant has refused to participate in this litigation, her conduct was inarguably malicious and oppressive or, at the very least, recklessly disregarded Plaintiff's rights. Defendant's behavior demonstrated a conscious indifference and utter disregard of its effect upon the health, safety, and rights of Plaintiff. Her conduct has forever shaped and changed Plaintiff's life for the worse, causing him to hide and remove himself from online and social situations in which he would otherwise be a part. Defendant's behavior when confronted with her bad acts and her disinterest in participating in litigation demonstrates callous indifference to the harm she caused. For these reasons and all of those discussed by Plaintiff at the inquest, Plaintiff is requesting $5,000,000 in punitive damages.

Dated: New York, New York
       August 12, 2024

                                                            Daniel S. Szalkiewicz. Esq.