No *Shepard's* Signal™
As of: September 8, 2022 2:25 PM Z

# *Wellein v. Batley*

United States District Court for the District of Maryland

October 12, 2021, Decided; October 12, 2021, Filed

Civil Case No.: SAG-21-276

**Reporter**
2021 U.S. Dist. LEXIS 196173 *; 2021 WL 4750733

CARRIE WELLEIN, Plaintiff, v. JERRY O. BATLEY, JR., M.D., Defendant.

## Core Terms

expenses, ***damages***, attorney's fees, intimate, requests, treble, emotional distress, default judgment, punitive ***damages***, awards, award of punitive ***damages***, treatment plan, actual damage, Out-of-Pocket, long-term, permanent, complied, injuries, reasons, images

**Counsel:** [*1] For Carrie Wellein, Plaintiff: David S Wachen, LEAD ATTORNEY, Wachen LLC, Potomac, MD.

**Judges:** Stephanie A. Gallagher, United States District Judge.

**Opinion by:** Stephanie A. Gallagher

## Opinion

**MEMORANDUM OPINION**

On February 2, 2021, Plaintiff Carrie Wellein filed a complaint against Defendant Jerry O. Batley, Jr. asserting several claims against him related to his surreptitious recording of the Plaintiff in intimate moments, and his distribution of ***intimate images*** of the Plaintiff without her consent. ECF 1. Despite being served with the Summons and Complaint, the Defendant failed to respond to the Complaint, and the Clerk's Office entered a Notice of Default on March 26, 2021. ECF 7. On July 27, 2021, Plaintiff moved for a default judgment, which the Court granted on August 12, 2021. ECF 13. Among other things, the Default Judgment ordered the Defendant, within 21 days, to return or destroy all ***intimate images*** of the Plaintiff; to remove any such material from the Internet; to secure the return of such material from anyone to whom he distributed it (other than those individuals alleged in the Complaint); and to certify to the Court that he had complied with those requirements. *Id.* To date, the Defendant has not complied [*2] with that order.[1] Moreover, while the Default Judgment found the Defendant liable on all claims alleged in the Complaint, it deferred the question of ***damages*** and scheduled a ***damages***

---

[1] The Court will continue to assess whether other steps may be appropriate to ensure compliance with that Order, including exercise of the Court's contempt powers.

hearing for September 30, 2021. *Id.* In the interim, Plaintiff also filed a Motion for Attorney's Fees and Expenses. ECF 15. The Court held a ***damages*** hearing on September 30, 2021 at which the Plaintiff and Dr. Christiane Tellefsen, M.D. testified in support of the Plaintiff's ***damages*** requests. ECF 16. The Defendant failed to appear at the hearing. *Id.*

Plaintiff requests $71,485 as compensation for her expenses to-date, and projected into the future, to pursue the comprehensive treatment plan her doctors recommend. Sept. 27, 2021 Supplement on Out-of-Pocket ***Damages***.[2] Plaintiff also requests $750,000 as compensation for the emotional distress she has suffered due to the Defendant's transgressions. ECF 9 at 26. Because *42 Pa. C.S.A. § 8316.1(c)(1)* allows the Court, in its discretion, to award treble ***damages***, the Plaintiff also requests trebling of her actual ***damages***. *Id.* at 26-27. Additionally, Plaintiff asks for $700,000 in punitive ***damages*** as punishment for the Defendant's reprehensible conduct, and his disrespect for the Court and the **[*3]** litigation process. *Id.* at 27-29. Finally, Plaintiff asks for $52,591 in attorney's fees and $8,363.50 in expenses that have been incurred by her lawyers. ECF 17.

The Court will grant Plaintiff's request for $71,485 to cover her treatment-related expenses, and it will grant the Plaintiff's request for $750,000 as compensation for the emotional distress she has suffered. However, the Court declines to treble these awards. Although *42 Pa. C.S.A. § 8316.1(c)(1)* allows the Court, in its discretion, to treble actual ***damages*** sustained, the statute appears to allow such recovery primarily because "dissemination of an intimate image may cause long-term or permanent injury." *Id.* The Court certainly acknowledges the long-term, and potentially permanent, injuries the Plaintiff has suffered because of the Defendant's conduct, but the Court finds that the significant ***damages*** awards described herein adequately account for those injuries.

The Court will also award the Plaintiff $500,000 in punitive ***damages***. While this is less than the $700,000 award the Plaintiff asks for, the Court is in a difficult position with respect to fashioning a punitive ***damages*** award in light of the sizeable compensatory damage and attorney's fee awards **[*4]** and the dearth of evidence regarding the Defendant's financial situation. The Court believes that a $500,000 punitive ***damages*** award, resulting in a total judgment against the Defendant in the amount of $1,378,145.50, provides significant punishment for the Defendant's conduct.

Further, the Defendant will be required to pay the Plaintiff's reasonable attorney's fees and expenses. While the Court finds that Plaintiff's counsel's fees are largely reasonable, it finds that 22.6 hours is more time than was reasonably necessary to prepare for the September 30, 2021 ***damages*** hearing. ECF 17 at 2. The Court finds that, under the circumstances, 11.3 hours would have been a reasonable amount of preparation time. After adjusting those hours, Plaintiff will be awarded $48,297 in attorney's fees, plus $8,363.50 for Plaintiff's counsel's expenses.

## CONCLUSION

---

[2] This supplement was hand-delivered to the Court at the September 30, 2021 ***damages*** hearing and was not filed on the docket, but it merely provides an updated tabulation of the Plaintiff's expenses related to the same treatment plan described in her Motion for Default Judgment. ECF 9 at 22.

2021 U.S. Dist. LEXIS 196173, *4

For the reasons set forth above, Plaintiff's Motion for Fees and Expenses, ECF 15, is GRANTED in part and DENIED in part. Judgment will be awarded in favor of the Plaintiff, and against the Defendant, in the amount of $1,378,145.50. A separate order follows.

DATED: October 12, 2021

/s/ Stephanie A. Gallagher

United States District Judge

## ORDER

For the **[*5]** reasons set forth in the accompanying Memorandum Opinion, it is this 12th day of October, 2021, by the United States District Court for the District of Maryland ORDERED that:
- (1) Plaintiff's Motion for Fees and Expenses, ECF 15, is GRANTED in part and DENIED in part;
- (2) Judgment will be awarded in favor of the Plaintiff, and against the Defendant, in the total amount of $1,378,145.50: A. Plaintiff will be awarded $71,485 as compensation for the out-of-pocket expenses related to her treatment plan;
    - B. Plaintiff will be awarded $750,000 as compensation for the emotional distress caused to her by the Defendant;
    - C. Plaintiff will be awarded $500,000 in punitive ***damages***;
    - D. Plaintiff will be awarded $48,297 in attorney's fees; and
    - E. Plaintiff will be awarded $8,363.50 as compensation for the expenses Plaintiff's counsel has incurred in this case;
- (3) The Clerk shall CLOSE this case.

/s/ Stephanie A. Gallagher

United States District Judge

End of Document

Daniel Szalkiewicz